THE HONORABLE RICARDO S. MARTINEZ
Trial Date: 6/22/2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ERIK A. SLEVELAND,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY SI,<br><br>Defendant. | 2:25-cv-01043-RSM<br><br>DEFENDANT AMERICAN FAMILY'S MOTION TO COMPEL RESPONSES TO DISCOVERY<br><br>NOTE ON MOTION CALENDAR:<br>January 21, 2026 |

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant American Family Mutual Insurance Company SI (American Family) brings this motion to compel Plaintiff to respond to American Family's discovery requests and to produce documents identified in his initial disclosures. Although American Family properly served discovery on August 1, 2025 with responses due September 1, 2025, Plaintiff has not responded to those requests. Plaintiff has also not provided any documents identified in his initial disclosures served on July 17, 2025, despite repeated requests directed to Plaintiff and his former counsel.

//

DEFENDANT AMERICAN FAMILY'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 1

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

Although the parties conferred on October 13, 2025 regarding Plaintiff's overdue discovery responses, Plaintiff has refused to further confer in advance of American Family bringing this motion. Donohue Decl.

The defense served discovery on plaintiff and it has not been answered. There is a significant absence of corroborating records to substantiate Plaintiff's claims for value of his damages, both in the alleged repair work done and as to the value of his loss. Plaintiff's failure to answer even the most basic discovery prevents the defense from challenging Plaintiff's allegations and moving this case forward.

Accordingly, pursuant to FRCP 37(a)(3)(A), American Family requests the Court enter an order providing the following relief:

- Compelling pro se Plaintiff Erik Sleveland's prior counsel to convey to American Family bates numbered copies to Plaintiff's Initial Disclosures pursuant to FRCP 26;

- Compelling Plaintiff to fully identify his alleged damages, the total damages sought and to provide a computation of each category of damages alleged, as well as produce all documents related to the damages Sleveland is seeking in this matter as required under FRCP 26;

- Compelling Plaintiff to provide complete responses to Defendant's First Interrogatories and Requests for Production, and to produce all responsive documents within Sleveland's possession and/or easily accessible to him;

- Awarding American Family reasonable attorney's fees and costs associated with bringing this motion due to Sleveland's failure to comply with CR 26, CR 33, and CR 34;

DEFENDANT AMERICAN FAMILY'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 2

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

- Compelling Plaintiff to meet and confer with Defendant one week after the Plaintiff fully responds to American Family's discovery

American Family will suffer severe prejudice absent this requested relief. Plaintiff should not reap tactical advantage from willful and intentional delays and gamesmanship of the discovery process to American Family's detriment and straining the Court's resources.

## II.     STATEMENT OF FACTS

**B.     Plaintiffs' Lawsuit**

Plaintiff alleges he suffered a water loss incident on or about November 21, 2021. Plaintiff filed suit in Whatcom County on April 29, 2025 and served American Family through the Insurance Commissioner on May 5, 2025. He asserts in his lawsuit that American Family did not properly adjust his claim after the water loss and that American Family owes additional money for repairs.  He also alleges that American Family was negligent, violated the Washington Consumer Protection Act, and violated the Washington Insurance Fair Conduct Act.

American Family removed the lawsuit to federal court on June 3, 2025. Donohue Decl. ¶3 On June 12, 2025, the Court entered an order requiring that the parties serve initial disclosures pursuant to FRCP 26(a)(1) by July 17, 2025. Dkt. 10. Plaintiff, through counsel, served a pleading entitled "Plaintiff's Initial Disclosures" on July 17, 2025. Ex. 1 to Donohue Decl.  Plaintiff did not produce any documents identified in the pleading. Donohue Decl. Plaintiff also did not provide a computation of damages, other than "unpaid benefits" as "$250,000" and "general damages" as "greater than $250,000." Ex. 1 to Donohue Decl.

//

//

DEFENDANT AMERICAN FAMILY'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 3

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

On August 1, 2025, Defense served discovery on Plaintiff. Donohue Decl. ¶5; see also Ex. 2 to Donohue Decl. To date, Plaintiff has not responded to discovery nor returned Defense's attempts at communicating about discovery.

On August 15, the Court entered an order permitting Plaintiff's counsel to withdraw from representing Plaintiff in the lawsuit. Dkt. 18. Plaintiff has acted pro se since his attorneys withdrew effective August 15, 2025. Donohue Decl. ¶ 7.

On September 4, 2025, defense counsel sent Plaintiff a letter at the address listed on the motion to withdraw. The letter advised Plaintiff that his discovery responses were overdue and asked that he call or email counsel's office to advise when he would provide responses. Plaintiff did not respond to that letter. Donohue Decl., Ex. 3.

On October 13th, 2025, Defense counsel called Plaintiff and discussed with him the deadline of September 1, 2025 for Plaintiff's discovery response. Donohue Decl. ¶9.

Defense counsel followed up on the phone call with an e-mail to Plaintiff on October 13th, 2025, which included a courtesy copy of the discovery previously sent to Plaintiff's prior counsel. Donohue Decl. Exh, 4

On November 3rd, 2025, Defense counsel e-mailed Plaintiff asking about the status of the overdue discovery. Donohue Decl. Exh. 5

On November 7th, 2025, Defense counsel e-mailed Plaintiff asking to schedule a conference call. Donohue Decl. Exh. 6

On November 11th, 2025, Defense counsel e-mailed Plaintiff that he would call later that day for a conference call. Donohue Decl. Exh. 7. Plaintiff did not respond nor answer the call. Donohue Decl. ¶13.

DEFENDANT AMERICAN FAMILY'S
MOTION TO COMPEL PLAINTIFF'S
RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 4

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

On November 26th, 2025, Defense counsel e-mailed Plaintiff about the overdue discovery and outstanding discovery conference call. Donohue Decl. Exh 8. Defense informed Plaintiff that if there is no response by the end of next week, Defense would be moving forward to file a motion to compel discovery. *Id.*

**B.    Discovery Requests at Issue**

    **1.    Plaintiff's Incomplete Initial Disclosures**

Plaintiff served Initial Disclosure without accompanying documents through prior counsel on July 21, 2025. Plaintiff's counsel withdrew from representing Sleveland, effective August 15, 2025. To date, Plaintiff failed to provide a computation of damages or the corroborating records to substantiate those damages.

Since then, Defense counsel has continually requested documents outlined in Plaintiff's Initial Disclosure. When Plaintiff did not respond, Defense counsel reached out to Plaintiff's prior counsel to request copies. Plaintiff's counsel initially delayed responding until finally informing Defense counsel to reach out to the Plaintiff directly.

The parties conferred on October 13, 2025 and Plaintiff agreed to an extended deadline of October 30th, 2025. Plaintiff has since stopped responding to Defendant's attempts at communication about this case.

    **2.    Defendant's First Interrogatories and Requests for Production**

Defendant served discovery requests on August 1, 2025. Ex. 2 to Donohue Decl. Those requests primarily sought:

    1.    Construction professionals with whom Plaintiff consulted after date of loss;

    2.    Inspectors who has been to Plaintiff's property after the loss and the defects identified by each inspector;

DEFENDANT AMERICAN FAMILY'S
MOTION TO COMPEL PLAINTIFF'S
RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 5

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

    3.      Estimates, invoices, and any other document showing repair, replacement, and/or services of the property and loss;

    4.      Work performed on the property since date of loss;

    5.      Identity of all persons/companies who performed repair of Plaintiff's property;

    6.      All of Plaintiff's damages being sought in this suit;

    7.      Any expert witness Plaintiff expects to call and copies of records prepared by those experts.

### III. ISSUE PRESENTED

(1) Should the Court enforce the laydown provisions of FRCP 26(a)(1) and order Plaintiff Sleveland's prior counsel to convey Initial Disclosure and its related documents to American Family? **Yes.**

(2) Should the Court order Plaintiff Sleveland to provide complete answers and produce all documents responsive to Defendant's First Interrogatories and Requests for Production? **Yes.**

(3) Should the Court award Defendant American Family reasonable attorney's fees and costs in bringing this motion because Plaintiff has not objected or disputed that the discovery sought is owed and failed to honor his promises? **Yes.**

(4) Should the Court enter an order requiring Plaintiff to meet and confer with Defense, and meet all future court and discovery deadlines on the threat of future sanctions based on his past failures to meet deadlines and honor his promises? **Yes.**

//

//

//

DEFENDANT AMERICAN FAMILY'S
MOTION TO COMPEL PLAINTIFF'S
RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 6



WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

IV. **EVIDENCE RELIED UPON**

This motion is based on the Declaration of Alfred E. Donohue in Support of Defendant's Motion to Compel Discovery ("Donohue Dec.") and attached exhibits, as well as records and pleadings previously filed with the court.

V. **ARGUMENT AND AUTHORITY**

**A.    The Court should order Plaintiff to supplement their initial disclosures in compliance with FRCP 26(a).**

Pursuant to FRCP 26(a)(1)(A), a party must, without awaiting a discovery request, provide to the other parties:

- The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

- A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

- A computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

DEFENDANT AMERICAN FAMILY'S
MOTION TO COMPEL PLAINTIFF'S
RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 7

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

- For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Such initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order…." FRCP 26(a)(4). "Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served." FRCP 26(a)(1)(C). Here, Plaintiff has not produced any documents identified in his initial disclosures despite Defendant's requests to both Plaintiff and his former counsel.

"A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." FRCP 26(a)(1)(E). In addition, "[a] party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." FRCP 26(e)(1).

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FRCP 37(a)(3)(A).

Based on the insufficiency of Plaintiff's initial disclosures, counsel for American Family made several follow-up requests for both Plaintiff and Plaintiff's prior counsel to

DEFENDANT AMERICAN FAMILY'S
MOTION TO COMPEL PLAINTIFF'S
RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 8

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100

provide complete initial disclosures as required by FRCP 26(a)(1)(A). Plaintiff has yet to provide any documents identified in his initial disclosures despite these requests.

Accordingly, this Court should grant the relief sought by American Family and enter an Order compelling Plaintiff's former to provide bates numbered copies of all documents identified in Plaintiff's initial disclosures pursuant to FRCP 26(a)(1) within five days of entry of the Order.

**B.   The Court should enter an Order compelling Plaintiff to provide complete answers to Defendant's First Interrogatories and Requests for Production to Plaintiff, and produce all responsive documents.**

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Kerrigan v. QBE Ins. Corp., No. 16-1637RSM, 2017 WL 8727859, at *1 (W.D. Wash. May 22, 2017). Here, Plaintiff has no basis for refusing to respond to discovery served on August 1, 2025 and which is now more than 75 days overdue.

The Court should also prohibit Plaintiff from asserting objections, as Rule 33 specifically provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause excuses the failure." F.R.Civ.P. 33(b)(4). Bussiere v. Softmart Com. Servs. Inc., No. C08-1461RSM, 2009 WL 10675540, at *1 (W.D. Wash. June 1, 2009).

Here, Plaintiff's discovery responses are long past due. Defendant conferred with Plaintiff regarding overdue discovery responses and agreed to extend the deadline to afford him time to complete his responses. Plaintiff did not meet that agreed extension deadline nor request any further extensions. Plaintiff has instead ignored Defendant's repeated attempts to

DEFENDANT AMERICAN FAMILY'S
MOTION TO COMPEL PLAINTIFF'S
RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 9

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

confer and has done nothing to meet his obligations under the Federal Rules of Civil Procedure. Nor can Plaintiff complain about the requests as Defendant's discovery asks for basic information about the Plaintiff, his claim, and his alleged damages that are necessary for Defendants to learn in order for the case to progress.

Defendant's initial discovery requests were issued on August 1, 2025. No interrogatories have been answered; no documents have been produced. There is no reasonable justification for Plaintiff's failure to respond to discovery. This failure to respond to discovery has entirely frustrated and inhibited Defendant's ability to develop its defense, move forward with necessary depositions, develop its own expert opinions, and prepare for trial. Defendant is concerned that Plaintiff's conduct constitutes a dilatory tactic to frustrate Defendant's' case and therefore seeks an order from the court by when the plaintiff must respond to discovery.

Accordingly, Defendant asks that the Court enter an Order compelling Sleveland to provide complete responses, without objection, to Defendant's First Interrogatories and Requests for Production within five days of entry of the Order.

C.  **Fees and Costs should be Assessed Under FRCP 37**

FRCP 37(a)(5)(A) provides in relevant part:

> If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Reasonable attorney fees are justified in this case. Plaintiff's discovery responses remain outstanding. It does not appear that Plaintiff made any progress in responding to

DEFENDANT AMERICAN FAMILY'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY (Cause No. 2:25-cv-01043-RSM) – 10

WILSON SMITH COCHRAN DICKERSON

1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

outstanding discovery in the weeks when the defense was attempting to schedule a CR 26(i) conference on plaintiff's outstanding responses. Plaintiffs responses would not have been forthcoming but for the defense's effort of conferencing the issue and pursuing the filing of this motion.

Assessing fees and costs for the drafting of this motion will also serve as a specific and general deterrent to flouting discovery deadlines. Awarding modest but reasonable sanctions will: 1) educate Plaintiff on their obligations in discovery; while also 2) deterring Plaintiff and other litigants from ignoring discovery deadlines and thereby needlessly prolonging discovery and the ultimate outcome of this case. Such conduct was deemed antithetical to the fundamental rules of discovery in *Fisons* and this court should take the opportunity to reaffirm the court's commitment to upholding the discovery rules.

### I. Conclusion

American Family asks that the Court issue an Order compelling Plaintiff Erik Sleveland to provide his complete initial disclosures and complete answers, responses and documents responsive to Defendant's First Interrogatories and Requests for Production within five (5) days from the date of the Order.

Furthermore, the Court should issue an Order awarding American Family its reasonable attorneys' fees and costs and an order outlining future sanctions for future failures to meet pretrial and discovery deadlines as good cause exists for these actions.

//
//
//
//

DEFENDANT AMERICAN FAMILY'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 11

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

*s/Alfred Donohue*
Alfred Donohue, WSBA #32774
Patricia Goldman, WSBA #59592
WILSON SMITH COCHRAN DICKERSON
1000 Second Ave., Suite 2050
Seattle, WA  98104
206-452-8921 T
206-623-9273 F
donohue@wscd.com; goldman@wscd.com
Attorneys for Defendant



DEFENDANT AMERICAN FAMILY'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 12

WILSON SMITH COCHRAN DICKERSON

1000 S‍ECOND A‍VENUE, S‍UITE 2050
S‍EATTLE, W‍ASHINGTON  98104
T‍ELEPHONE: (206) 623-4100
F‍AX: (206) 623-9273

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

**PRO SE PLAINTIFF**
Erik A. Sleveland
P.O. Box 110
Bellingham WA 98227
(X)  Via U.S. Mail
(  )  Via Facsimile
(  )  Via Hand Delivery
(X)  Via Email: erik@whatcomexcavation.com
(  )  Via CM/ECF

**SIGNED** this 18th day of December, 2025, at Seattle, Washington.

_____
Katty Ou, Legal Assistant
Wilson Smith Cochran Dickerson
Email: ou@wscd.com

DEFENDANT AMERICAN FAMILY'S
MOTION TO COMPEL PLAINTIFF'S
RESPONSES TO DISCOVERY
(Cause No. 2:25-cv-01043-RSM) – 13

WILSON SMITH COCHRAN DICKERSON
1000 SECOND AVENUE, SUITE 2050
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273